1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7      CLAUDIA PADILLA, et al.,                    Case No.  15-cv-04866-JST
                    Plaintiffs,
8                                                  **ORDER GRANTING MOTIONS TO
           v.                                      DISMISS**
9
                                                   Re: ECF Nos. 24, 26
10     VERA WILLNER, et al.,
                    Defendants.
11

12          This is a putative class action brought by Plaintiffs Claudia Padilla and Lesli Guido

13   ("Plaintiffs") against Defendants Manpower, Inc. nka ManpowerGroup, Inc. ("Manpower") and

14   Vera Willner ("Willner"), individually and on behalf of all others similarly situated.  Before the

15   Court are two Motions to Dismiss filed by Manpower, ECF No. 24, and by Willner, ECF No. 26.

16          For the reasons set forth below, the Court will grant the motions.

17   I.     **BACKGROUND**

18          A.     **Factual and Procedural History**

19          In deciding a motion to dismiss, the Court assumes the truth of the allegations of the

20   operative First Amended Complaint.  ECF No. 9; Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir.

21   1994).

22          The claims brought by Plaintiffs in this case arise from a separate case in this district, Mata

23   v. Manpower Inc., Case No. 5:14-cv-03787-LHK (N.D. Cal.) ("Mata"), as well as from a

24   settlement agreement approved by the undersigned in a third case, Willner v. Manpower Inc., No.

25   11-cv-02846-JST, 2015 WL 3863625 (N.D. Cal. June 22, 2015) ("Willner").  ECF No. 9 ¶¶ 8-9,

26   13-15.  All three cases involve Manpower and/or subsidiaries owned by Manpower as defendants,

27   and Plaintiffs here are also the plaintiffs in the Mata case, which is a putative class action.  The

28   Defendants in Mata have sought to use the Willner settlement agreement to preclude Plaintiffs

1   from bringing certain claims, and filed a motion for summary judgment to that effect.  ECF No. 9

2   ¶¶ 34-36.  Plaintiffs opposed that argument in <u>Mata</u>, and now also seek in this case to vacate the

3   <u>Willner</u> settlement,  <u>Willner</u>, 2015 WL 3863625, at *1, under Federal Rule of Civil Procedure

4   60(b).

5                           **1.  The <u>Willner</u> Settlement Process**

6          In 2011, Willner, a former Manpower employee, filed a class action lawsuit alleging that

7   Manpower had violated various portions of the California Labor Code.  <u>Willner</u>, 2015 WL

8   3863625, at *1-2.  In March 2014, the Court granted partial summary judgment in favor of the

9   <u>Willner</u> class, finding that Manpower's wage statements did not comply with Labor Code section

10  226(a).  ECF No. 9 ¶ 9.  The <u>Willner</u> class is defined as "all persons who were or are employed by

11  Manpower Inc. in California as temporary employees at any time from March 17, 2010 through

12  January 20, 2012 . . . except individuals who were or are at the same time jointly employed by a

13  franchisee of Manpower Inc., including, but not limited to, franchisee CLMP LTD., dba

14  Manpower of Temecula."  <u>Willner</u>, 2015 WL 3863625, at *2.  The <u>Willner</u> parties then settled and

15  moved for approval of the class action settlement.  ECF No. 9 ¶ 15.

16         Meanwhile, Plaintiffs filed the <u>Mata</u> action against Manpower and other entities with

17  "Manpower" in their corporate name, alleging similar wage-based claims.  ECF No. 9 ¶ 13.

18  Plaintiffs were employed by Manpower/California Peninsula ("Manpower/CA"), a wholly owned

19  subsidiary of Manpower.  ECF No. 29 at 1 n.1.  Upon hearing of the Motion for Preliminary

20  Approval of Class Action Settlement in <u>Willner</u>, Plaintiffs objected to the <u>Willner</u> settlement on

21  the basis of possible overlap between the <u>Willner</u> and <u>Mata</u> actions.  ECF No. 9 ¶ 19.

22         In response, Manpower argued that Plaintiffs "lacked standing" to file objections because

23  they were not members of the <u>Willner</u> class, and that even if they had standing, "the claims in

24  <u>Mata</u> were substantively different than the claims in [<u>Willner</u>]."  <u>Id.</u>  Manpower further argued that

25  the <u>Mata</u> and <u>Willner</u> cases were not related because the Plaintiffs were employed by

26  Manpower/CA, which is a subsidiary of Manpower, while the <u>Willner</u> class was solely composed

27  of employees of Manpower itself.  <u>Id.</u>

28         The Court responded by ordering the <u>Willner</u> parties to clarify the release language so as to

United States District Court
Northern District of California

2

ensure that the <u>Willner</u> class did not overlap with the <u>Mata</u> class.  ECF No. 9 ¶ 21.  Manpower and Willner responded to the Court's order and limited the release to the claims asserted or that could have been asserted from the allegations in the operative complaint.  <u>Id.</u>

Less than one month after Plaintiffs' objection to Willner's proposed settlement, Plaintiffs filed a further conditional opposition and request for consolidation, which asked the Court to sever <u>Willner</u>'s first claim and consolidate it with the <u>Mata</u> action.  ECF No. 9 ¶ 22.  The Court denied Plaintiffs' motion.  ECF No. 9 ¶ 24.  The <u>Willner</u> parties then proceeded with their case and filed a renewed motion for preliminary approval.  ECF No. 9 ¶ 25.  Plaintiffs again opposed the <u>Willner</u> parties' motion for the third time.  The Court overruled Plaintiffs' third objection and granted preliminary approval of the <u>Willner</u> settlement.  <u>See</u> ECF No. 26-2 at 5 ("Order Granting Final Approval of Class Action Settlement and Granting in Part Motion for Attorneys' Fees, Costs, and Service Award" in <u>Willner</u>).  Following preliminary approval, notice of the proposed settlement was distributed to the 19,353 <u>Willner</u> class members.  ECF No. 26-2 at 8.  No class member objected to the settlement and only twelve (approximately 0.06%) class members submitted valid requests for exclusion.  ECF No. 26-2 at 12.

### 2. <u>Mata</u> Proceedings and the Filing of This Case

In the <u>Mata</u> action, Plaintiffs proceeded with a putative class action against their previous employer, Manpower/CA, along with other defendants.  ECF No. 9 ¶¶ 10, 13.  After receiving final approval of the <u>Willner</u> settlement, Manpower and a third entity, Manpower US, Inc. ("Manpower US"), moved for partial summary judgment on August 27, 2015 in the <u>Mata</u> action based on the claims released in the settlement.  ECF No. 9 ¶ 34.

According to Plaintiffs, although Manpower had previously "explicitly represented to Plaintiffs and to this Court that the *Willner* settlement would have no impact on the class represented by Plaintiffs in *Mata*," it had now "attempted to use this settlement to preclude the claims of Plaintiffs in that action" in its summary judgment motion  ECF No. 9 ¶ 35.  In its motion, Manpower alleged that the <u>Willner</u> settlement prohibited all persons on the <u>Willner</u> class list from pursuing, as members of the <u>Mata</u> putative class, the following claims during the settlement period of March 17, 2010 through January 20, 2012: (1) claims for waiting time

penalties under Labor Code § 203; (2) claims for penalties under the Private Attorneys General Act (Labor Code 2699); and (3) claims for violations of California's Unfair Competition Law. ECF No. 26-2 at 104 ("Defendant Manpower Inc's Notice of Motion and Motion for Partial Summary Judgment and Defendant Manpower US Inc's Notice of Motion and Motion for Summary Judgment" in <u>Mata</u>). Manpower US also sought summary judgment on all of Plaintiffs' claims on the basis that Plaintiffs were never employed by Manpower US. ECF No. 26-2 at 105.

Approximately two months after the filing of the summary judgment motion in <u>Mata</u>, Plaintiffs filed their complaint in this case, seeking relief under Federal Rule of Civil Procedure 60(b), which enables a court to relieve a party from a final order. ECF No. 1. Their operative First Amended Complaint, filed November 2, 2015, requests that the Court "set aside in whole or in part, its June 22, 2015 Order granting final approval to the settlement in *Willner*," and that it wait to approve any other settlement until the summary judgment motions are resolved in <u>Mata</u>. ECF No. 9 at 16. It alleges that this relief is warranted under Fed R. Civ. P. 60(b)(2), due to "newly discovered evidence," 60(b)(3) due to "fraud . . . misrepresentation, or misconduct by an opposing party," or 60(b)(6) due to "any other reason that justifies relief." ECF No. 9 ¶¶ 41-44.

### 3. Filing of This Motion and Summary Judgment Order in <u>Mata</u>

Defendants in this case filed the present motions to dismiss on December 8, 2015, ECF No. 24, and December 22, 2015, ECF No. 26. Plaintiffs opposed both motions on December 22, 2015 and January 5, 2016, respectively. ECF Nos. 29, 31.

The hearing on the motion for partial summary judgment in <u>Mata</u> occurred on January 21, 2016 before the Honorable Lucy H. Koh. <u>See</u> ECF No. 142, Case No. 5:14-cv-03787-LHK. On January 31, 2016, Judge Koh issued her decision granting in part and denying in part the motion for partial summary judgment. ECF No. 144, <u>Mata</u>, Case No. 5:14-cv-03787-LHK. As relevant here, the order denied partial summary judgment to the <u>Mata</u> Defendants on their argument that the <u>Willner</u> settlement precludes the claims brought in <u>Mata</u>. <u>Id.</u> at 15.

Judge Koh held that Manpower had not shown that the requirements for res judicata, or claim preclusion, were met. <u>Id.</u> at 12-14 ("Claim preclusion applies when three requirements are satisfied: (1) the prior proceeding resulted in a final judgment on the merits; (2) the present action

United States District Court
Northern District of California

United States District Court
Northern District of California

is on the same cause of action as the prior proceeding; and (3) the party to be precluded was a party or in privity with a party to the prior proceeding.").  The order explained that although the claims in both cases were brought under the same code sections, Manpower had previously distinguished the claims in <u>Willner</u> as "predicated upon the late mailing of paychecks," while the claims in <u>Mata</u> "alleged 'failure to pay any wages whatsoever for certain hours worked.'"  <u>Id.</u> at 13 (citations omitted).  For this reason, the causes of action in <u>Willner</u> and <u>Mata</u> were not the same.  <u>Id.</u>  Moreover, there was "at least a potential dispute of fact as to whether the parties whose claims Defendants seek to preclude were members of the settlement class in *Willner*."  <u>Id.</u> at 14.  Finally, Judge Koh noted that Manpower's argument could also be denied under the doctrine of judicial estoppel, which "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  <u>Id.</u> at 14 (citation omitted).  The order explained that Manpower's "prior position that 'the claims in *Mata* are unrelated to the claims in [*Willner*]' . . . is clearly inconsistent with Defendants' present attempt at preclusion."  <u>Id.</u> at 15 (citation omitted).

### B. Parties' Requests for Judicial Notice

Pursuant to Federal Rule of Evidence 201, Defendants and Plaintiffs have filed four requests for judicial notice, asking the Court to take notice of numerous filings from the <u>Willner</u> and <u>Mata</u> matters.

Defendant Willner requests that the Court take notice of the following documents, ECF No. 26-2:

> (1) <u>Willner</u> Order Granting Final Approval of Class Action Settlement and Granting in Part Motion for Attorneys' Fees, Costs, and Service Award, June 22, 2015, ECF No. 208;
>
> (2) <u>Willner</u> Civil Minutes, June 18, 2015, ECF No. 207;
>
> (3) <u>Willner</u> Order Denying Motion for Preliminary Approval of Class Action Settlement and Vacating hearing, Sept. 3, 2014, ECF No. 177;
>
> (4) <u>Willner</u> Order Granting Renewed Motion for Preliminary Approval of Class Action Settlement, Jan. 2, 2015, ECF No. 196;

1    (5) <u>Mata</u> Second Amended Class Action Complaint for Damages and Injunctive

2    Relief, Nov. 11, 2015, ECF No. 81;

3    (6) <u>Mata</u> Defendant Manpower Inc.'s Notice of Motion and Motion for Partial

4    Summary Judgment and Defendant Manpower US Inc.'s Notice of Motion and

5    Motion for Summary Judgment (Rule 56), Aug. 27, 2015, ECF No. 48;

6    (7) <u>Mata</u> Response to Defendants' Summary Motion, Sept. 10, 2015, ECF No. 70;

7    (8) <u>Mata</u> Case Management Order and Order Denying Motion for Relief from Non-

8    Dispositive Pretrial Order, Nov. 11, 2015, ECF No. 126.

9    Defendant Manpower has requested the Court take notice of the following documents, in

10   addition to two documents also offered in the above request by Willner, ECF No. 25-2:

11   (9) <u>Willner</u> Fifth Amended Complaint, Apr. 1, 2014, ECF No. 118;

12   (10) <u>Willner</u> Notice of Renewed Motion and Renewed Motion for Preliminary

13   Approval of Class Action Settlement; Memorandum of Points and Authorities and

14   related attachments, Oct. 1, 2014, ECF Nos. 184 through 184-3;

15   (11) <u>Willner</u> Conditional Opposition to Motion for Preliminary Approval of Class

16   Settlement, Aug. 15, 2014, ECF No. 154;

17   (12) <u>Willner</u> Further Conditional Opposition to Motion for Preliminary Approval of

18   Class Settlement, Sept. 2, 2014, ECF No. 170;

19   (13) <u>Willner</u> Conditional Opposition and/or Request to Continue Hearing Date and

20   related attachments, Oct. 15, 2014, ECF Nos. 187 through 187-1;

21   (14) <u>Willner</u> Notice of Motion and Administrative Motion to Consider Whether

22   Cases Should be Related or Consolidated, filed on Sept. 3, 2014, ECF No. 171;

23   (15) <u>Willner</u> Order Denying Motion to Relate Cases and Granting Request for

24   Judicial Notice, Sept. 19, 2014, ECF No. 183.

25   Plaintiffs have requested the Court take notice of the following document, ECF No. 32:

26   (16) <u>Mata</u> Reply in Support of Defendants' Rule 12(F) Motion to Strike Class

27   Period Allegations in Plaintiffs' Second Amended Complaint, Dec. 29, 2015, ECF

28   No. 138.

1   Finally, Defendant Willner files a second request that the Court take notice of the

2   following document, ECF No. 39-1:

3   (17) <u>Mata</u> Order Granting in Part and Denying in Part Motion for Leave to File

4   Second Amended Complaint, Oct. 29, 2015, ECF No. 78.

5   Neither Defendants nor Plaintiffs oppose any of the requests for judicial notice. The Court

6   finds that these filings are subject to judicial notice, as they are court documents that are generally

7   subject to notice. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001). The Court does

8   not, however, take notice of allegations asserted in the documents as facts; rather, the Court takes

9   notice that the documents were filed, and of the existence of the allegations in those documents.

10  <u>Id.</u> at 689-90 (explaining that, while a district court may take notice of the existence of public

11  records and certain matters in those records, a court should not take notice of disputed facts

12  contained in public records).

13  **II.    LEGAL STANDARD**

14  "If the court determines at any time that it lacks subject matter jurisdiction, the court must

15  dismiss the action." Fed. R. Civ. P. 12(h)(3). Standing is part of "the threshold requirement

16  imposed by Article III of the Constitution" requiring plaintiffs to allege an "actual case or

17  controversy." <u>City of Los Angeles v. Lyons</u>, 462 U.S. 95, 101 (1983). "As the parties invoking

18  federal jurisdiction, plaintiffs bear the burden of establishing their standing to sue." <u>Lujan v.</u>

19  <u>Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).

20  "For purposes of ruling on a motion to dismiss for want of standing, both the trial and

21  reviewing courts must accept as true all material allegations of the complaint and must construe

22  the complaint in favor of the complaining party." <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975).

23  Each element of standing must be established by "general factual allegations," because "on a

24  motion to dismiss we 'presume[e] that general allegations embrace those specific facts that are

25  necessary to support the claim.'" <u>Lujan</u>, 504 U.S. at 561 (quoting <u>Lujan v. Nat'l Wildlife Fed'n</u>,

26  497 U.S. 871, 889 (1990)).[1]  However, "[t]his is not to say that plaintiff may rely on a bare legal

27  

28  ───────────────
[1] While the circuits disagree on the question of whether the <u>Twombly</u> and <u>Iqbal</u> standards apply to questions of standing, the Ninth Circuit has held that "<u>Twombly</u> and <u>Iqbal</u> are ill-suited to

United States District Court
Northern District of California

1   conclusion to assert injury in fact or engage in an ingenious academic exercise in the conceivable

2   to explain how defendants' actions caused his injury.  Maya v. Centex Corp., 658 F.3d 1060, 1068

3   (9th Cir. 2011).

4   **III.    DISCUSSION**

5       **A.    Abstention**

6         Though the parties do not address the issue extensively, the Court begins by noting that

7   under well-established principles of comity, it would be very much improper to grant Plaintiffs the

8   relief they request.  Plaintiffs have already filed their class action before Judge Koh in the Mata

9   case and, as discussed below, assert that their standing to file this case is based primarily on

10   decisions issued in Mata that were adverse to them.  Plaintiffs therefore appear to be seeking relief

11   in this Court in order to avoid those rulings in the Mata case they don't like.  Under these

12   circumstances, abstention is appropriate.

13         Although abstention is "an extraordinary and narrow exception to the duty of a district

14   court to adjudicate a controversy properly before it," Quackenbush v. Allstate Ins. Co., 517 U.S.

15   706, 728 (1996), there are limited circumstances in which abstention is proper and even generally

16   accepted.  One such exception is the "first to file" rule, which is a "generally recognized doctrine

17   of federal comity which permits a district court to decline jurisdiction over an action when a

18   complaint involving the same parties and issues has already been filed in another district."

19   Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982)).  "[S]ound judicial

20   administration would indicate that when two identical actions are filed in courts of concurrent

21   jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose

22   would be served by proceeding with a second action."  Id. at 95.  Though this rule "is not a rigid

23   or inflexible rule to be mechanically applied," id., it nevertheless is "of paramount importance.

24   The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to

25   avoid the embarrassment of conflicting judgments."  Church of Scientology of California v. U.S.

26   Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979) (citation omitted).

27    

28   application in the constitutional standing context."  Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

United States District Court
Northern District of California

1    The present case falls squarely within this exception.  There is no dispute that Plaintiffs

2  filed their complaint in the <u>Mata</u> case before they filed their complaint here.  Nor is there any

3  dispute that this case and the <u>Mata</u> case involve the same parties as well as the same substantive

4  issues.  Indeed, the crux of Plaintiffs' position in their briefs is that they specifically seek relief

5  from orders issued by Judge Koh in the <u>Mata</u> case.  On this basis alone, there is ample basis to

6  apply the first to file rule.

7    Moreover, the potential ill effects of Plaintiffs' litigation strategy extend beyond the

8  confines of the <u>Mata</u> case into this Court's prior <u>Willner</u> case.  The Court fully considered

9  Plaintiffs' objections in that case, and resolved them.  The Court finalized a settlement affecting

10  thousands of class members after extensive litigation.  To the extent Plaintiffs now believe they

11  have been injured by subsequent events as described in the <u>Mata</u> case, that case provides a

12  comprehensive forum for the resolution of their concerns – as evidenced by the fact that Plaintiffs

13  have already raised the same arguments in the <u>Mata</u> court that they are making here.  The remedy

14  they seek here is not only unnecessary, but it threatens to disturb the rights of the numerous

15  <u>Willner</u> class members.

16    Abstention permits the district court to stay, dismiss, or transfer the matter before it.  <u>See</u>

17  <u>Ruckus Wireless, Inc. v. Harris Corp.</u>, No. 11-CV-01944-LHK, 2012 WL 588792, at *2 (N.D.

18  Cal. Feb. 22, 2012).  In this case, dismissal is warranted by concerns for judicial and practical

19  efficiency.  <u>Id.</u> at *6.  Enabling this case to continue would allow Plaintiffs to adjudicate the same

20  issues, at the same time, in multiple courts in the same district.  Principles of federal comity and

21  common-sense fairness prohibit such a result.[2]

22    Accordingly, the Court concludes that the first-to-file doctrine prevents the Court from

23  hearing the claims presented by Plaintiffs.

24

25

26  [2] There are four recognized exceptions to the first-to-file rule: (1) bad faith filing of the first suit;
(2) anticipatory filing of the first suit to preempt the second suit; (3) the first suit is the result of
27  forum shopping; and (4) when the balance of convenience weighs in favor of the second suit.
<u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>, 946 F.2d 622, 628 (9th Cir. 1991.  None of these exceptions
28  applies here.

United States District Court
Northern District of California

**B.      Standing**

Even if principles of federal comity did not apply, Plaintiffs lack standing to bring their claims.

"[T]he irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560-61 (internal citations omitted) (internal quotation marks omitted).  An injury is "actual or imminent" if it is "certainly impending," because "[a]llegations of possible future injury are not sufficient."  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (internal citations omitted).  "Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the[e] result [of] the independent action of some third party not before the court." Lujan, 504 U.S. at 560 (citing Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)) (alterations in original).  "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Lujan, 504 U.S. at 560-61 (internal citations omitted) (internal quotation marks omitted).

Defendants argue that Plaintiffs lack standing to request the Willner settlement be vacated because they were never members of the Willner class and were therefore unaffected by the order approving the Willner settlement.[3]  ECF No. 24 at 6; ECF No. 26 at 6-7.  Plaintiffs do not dispute this point, but nevertheless argue that they have suffered two cognizable injuries that provide standing.  First, they contend that they suffered an actual injury based on their "[i]nability to [p]articipate in the *Willner* [s]ettlement."  ECF No. 29 at 15.  Second, they contend that they have been injured by orders in the Mata case that denied them leave to amend in Mata in part based on the Willner settlement, as well as the possibility that Judge Koh's ruling on the summary judgment motions, which was at the time upcoming, would allow the Defendants to use the Willner

_____

[3] Plaintiffs argue that Manpower, by virtue of its inconsistent statements, should be judicially estopped from arguing that Plaintiffs lack standing.  ECF No. 29 at 13-14.  Since Defendant Willner makes the same standing argument, ECF No. 26, the Court is required to address the issue in any event, and therefore need not address Plaintiffs' contentions regarding judicial estoppel.

1   settlement to preclude some of their claims.  ECF No. 15-16.  They also allege they have been

2   injured by the costs and fees incurred in opposing the summary judgment motion in the <u>Mata</u> case.

3   <u>Id.</u>

4   **1.      Exclusion from the Class**

5          Plaintiffs allege that Manpower used "false and misleading statements to persuade [the

6   <u>Willner</u> c]ourt that the [<u>Mata</u> and <u>Willner</u>] actions are not related" and therefore "Plaintiffs were

7   not included on the <u>Willner</u> class list, did not receive notice of the <u>Willner</u> settlement, did not

8   receive payment from the <u>Willner</u> settlement, and were subsequently barred from discovering

9   whether they should have been on the list due to Manpower's motion to seal the <u>Willner</u> class

10  list."  ECF No. 29 at 13, 15

11         This alleged injury fails to meet any of the elements of standing.  First, it is not an injury in

12  fact of a legally protected interest.  Class action settlements do not bind parties who were excluded

13  from the class.  <u>Martin v. Wilks</u>, 490 U.S. 755, 756 (1989) ("Joinder as a party, rather than

14  knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties

15  are subjected to the jurisdiction of the court and bound by a judgment or decree.")  Because the

16  <u>Willner</u> settlement does not bind Plaintiffs – as they themselves have contended successfully in

17  the <u>Mata</u> case – they did not have a legally protected right to appear on the class list, receive notice

18  of the <u>Willner</u> settlement, receive payment from the <u>Willner</u> class settlement, or discover a sealed

19  class list.  Likewise, Plaintiffs' exclusion from the <u>Willner</u> class does not deprive them from

20  protecting their legal interests because they remain free to proceed with their claims against

21  Manpower and its affiliates – as they are doing in <u>Mata</u>.

22         Plaintiffs also offer no argument as to why the alleged misrepresentations by Manpower

23  caused their alleged injury.  That is, they do not explain why the statements made by Manpower

24  subsequently led to them not being members of the <u>Willner</u> class.  On the contrary, it appears that

25  Plaintiffs were not included in the <u>Willner</u> settlement because they were employed by different

26  Manpower entities than the Defendants in <u>Willner</u>.[4]  <u>See</u> ECF No. 30 at 3.

27  ────────────────────

28  [4]     Plaintiffs argue in a footnote that the distinction between their employers and the <u>Willner</u>
    plaintiffs' employers does not show lack of standing, relying on the joint employer doctrine.

United States District Court
Northern District of California

1  Lastly, given Plaintiffs' failure to explain how their exclusion from the <u>Willner</u> class and

2  settlement caused a cognizable injury, they also fail to explain how vacating the <u>Willner</u>

3  settlement will redress that injury.  Even if the Court vacated the <u>Willner</u> settlement, as Plaintiffs

4  have requested, it is "merely speculative" that the parties would reach a new settlement in <u>Willner</u>,

5  or that Plaintiffs would be included as class members.

6  Accordingly, the Court concludes Plaintiffs do not possess standing based on their

7  exclusion from the <u>Willner</u> class.

### 2.  Orders issued in <u>Mata</u>

9  Plaintiffs also assert that they have been injured by various orders issued in the <u>Mata</u> case

10 that were ostensibly caused by the <u>Willner</u> settlement.  Setting aside the impropriety of asking the

11 undersigned to reverse, vacate, reconsider, or provide any other remedy with regard to a sister

12 court's orders, Plaintiffs have not shown that these alleged injuries grant them standing.

13 Plaintiffs argue that they were injured by Judge Koh's ruling "that Plaintiffs cannot amend

14 their Complaint to extend the Class Period from 2009 to 2007 for purposes of Labor Code § 203

15 penalties."  ECF No. 31 at 14.  They argue that Judge Koh "determined that no tolling applies

16 because the <u>Mata</u> Plaintiffs ' . . . were not members of the class in <u>Willner</u> . . . and that such

17 amendment would be futile.'"  <u>Id.</u> (alterations in original) (quoting ECF No. 78, <u>Mata,</u> Case No.

18 5:14-cv-03787-LHK).  In addition, they argue that they faced "imminent injury" from

19 "Manpower's incongruous arguments" in their summary judgment motion, which Judge Koh

20 subsequently denied with respect to the issues here.  ECF No. 31 at 15.  Finally, they assert that

21 they have been injured by incurring fees and costs in defending against Manpower's motion for

22 summary judgment.

23

24 They argue that "Manpower Inc. is the 'joint employer' with 'Manpower/California Peninsula' of all temporary service workers during at least a portion of the class period," due to the "extensive overlap of management and control" between the various Manpower entities.  ECF No. 31 at 8

25 n.3.  As a result, they argue that "Defendants' arguments that <i>Mata</i> Plaintiffs were "never" employed by Manpower rest on legal conclusion and affirmative defenses that Manpower, Inc.

26 and Manpower/California Peninsula are <u>not</u> legally related under the 'joint employer doctrine.'"

27 <u>Id.</u>

This argument is unpersuasive.  Even if Plaintiffs' legal theory could provide sufficient factual support for their position on standing, they fail to explain why this case, and not either the

28 <u>Mata</u> case or the prior <u>Willner</u> case, is the proper forum to raise this argument.

United States District Court
Northern District of California

Once again, all of these alleged injuries fail to meet any of the elements for Article III standing.  To begin, the "imminent injury" asserted by Plaintiffs has not come to pass, since Judge Koh ruled in their favor on the issue of claim preclusion.  Even had she not done so, however, Plaintiffs have not shown a cognizable injury to a legally protected interest.  First, Plaintiffs cannot rely on the injuries of "unnamed members of a proposed class" for the purposes of standing.  Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1044-45 (9th Cir. 1999).  "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."  Id.  Plaintiffs sought (1) to expand the class to include Manpower employees from 2007 to 2009 and (2) to prevent the Willner settlement from precluding claims in the Mata case, but neither of these issues affect Plaintiffs themselves.  Plaintiffs were not employed by any Manpower entity before March 2011 and Plaintiffs are not bound by the Willner settlement.  ECF No. 26-2 at 66, 69 ("Second Amended Class Action Complaint for Damages and for Injunctive Relief," Mata, Case No. 5:14-cv-03787-LHK).

Similarly, "[a]n 'interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'"  Steel Co. v. Citizens for a Better Env't, 523 U.S. 472, 480 (1990).  Therefore, Plaintiffs' allegation that they have been injured by incurring fees and costs opposing Manpower's pending motion for summary judgment is not correct.  ECF No. 29 at 10.

Nor have Plaintiffs met the element of causation.  Because Judge Koh ruled in Plaintiffs' favor concerning claim preclusion, the Court cannot say that any alleged misconduct by Manpower on that issue caused an injury to Plaintiffs.  As for the decision to deny Plaintiffs' request to expand their class, Defendants note that this ruling was in fact also based on Plaintiffs' admission that the claims in Willner and Mata are not the same, and that they were not members of the Willner class.  ECF No. 39 at 6; see also ECF No. 39-2 at 15-16 ("Order Granting in Part and Denying in Part Motion for Leave to File Second Amended Complaint," Mata, Case No. 5:14-cv-03787-LHK).

Finally, Plaintiffs do not meet the element of redressability.  It is unclear to the Court why Plaintiffs believe that vacating the Willner settlement will allow them to escape the decisions in

United States District Court
Northern District of California

1   Mata with which they disagree.  Vacating the settlement will not, for example, entitle them to fees

2   or costs in another case incurred in opposing a motion.  If Plaintiffs want to challenge the results

3   in Mata, they can pursue the same avenues available to any other litigant:  they can move for

4   reconsideration or seek appellate relief.

5          Accordingly, Plaintiffs do not have standing based on any decisions rendered in Mata.

6          **3.      Standing Under Federal Rule of Civil Procedure 60(b)**

7          In their opposing brief, Plaintiffs assert that "[e]ven if there is doubt as to Plaintiffs'

8   standing, Rule 60(b) vests a district court with the authority to vacate a judgment *sua sponte*."

9          This assertion is incorrect.  "Rule 60(b) does not *grant* anyone standing to bring an

10  independent action; it merely does not restrict any standing a party otherwise has."  Herring v.

11  F.D.I.C., 82 F.3d 282, 285 (9th Cir. 1995).  "A court's inherent power to inquire into the integrity

12  of judgments implies the prior existence of a justiciable case or controversy.' . . . If no one has an

13  interest in the underlying litigation, no justiciable case or controversy exists."  Id. at 286 (quoting

14  Root Refining Co. v. Universal Oil Prods. Co., 169 F.2d 514, 521-22 (3d Cir. 1948)).  Plaintiffs

15  cite to cases from other circuits in support of their claim, but those cases stand only for the

16  proposition that a court may grant Rule 60(b) relief without a prior motion by a party, not that

17  courts may grant such relief to parties without standing.  See ECF No. 31 at 15 (citing Simer v.

18  Rios, 661 F.2d 655, 663 n. 18 (7th Cir.1981), cert. denied, 456 U.S. 917 (1982); International

19  Controls Corp. v. Vesco, 556 F.2d 665, 668 n. 2 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978);

20  United States v. Jacobs, 298 F.2d 469, 472 (4th Cir.1961).

21         Defendants note that there is an exception under Rule 60(b) that allows non-parties to

22  request relief from a judgment, but argue that Plaintiffs do not meet that exception here.  ECF No.

23  26 at 7-8.  "[W]hen a district court is faced with a motion by a nonparty to vacate the judgment, it

24  should apply similar standards [as those when a nonparty seeks to appeal a decision.] . . . . [A]

25  nonparty to the litigation on the merits will have standing to appeal the decision only in

26  exceptional circumstances when: (1) the party participated in the proceedings below; and (2) the

27  equities favor hearing the appeal."  Citibank Int'l v. Collier-Traino, Inc., 809 F.2d 1438, 1441 (9th

28  Cir. 1987) (citing Bank of America v. M/V Executive, 797 F.2d 772, 774 (9th Cir. 1986); see also

United States District Court
Northern District of California

1    SEC v. Wencke, 783 F.2d 829, 834–35 (9th Cir. 1986), cert. denied, 479 U.S. 818 (1986)).

2        Plaintiffs do not contend in their opposing briefs that they meet the two prongs of this

3    exception, and the Court concludes that they do not.  The first prong is not met by mere attempts

4    to join the proceedings, but rather by "participat[ion] in the district court's proceedings and

5    ha[ving] 'a legitimate interest' in the outcome of the appeal." Wencke, 783 F.2d at 834. Citibank

6    Int'l cites to Wencke as the "leading case" on the matter, and notes that in Wencke the nonparty

7    had standing to appeal because "(1) he had been haled into court over his objections; (2) he had

8    made appearances to contest the issues he was asserting on appeal; and (3) the district court had

9    treated him as a party throughout by accepting his briefs and giving him an opportunity to cross-

10   examine witnesses." Citibank Int'l, 809 F.2d at 1441 (citing Wencke, 783 F.2d at 834–35).

11   Plaintiffs have not shown that they meet this definition of participation in the Willner proceedings.

12       More importantly, the equities do not favor the Court hearing Plaintiffs' Rule 60(b) claims.

13   As already noted, allowing Plaintiffs' claims to proceed here would violate principles of comity

14   and ignore the more obvious avenues for Plaintiffs to present their contentions in the Mata case.

15       Accordingly, Plaintiffs have not shown they are entitled to standing under Rule 60(b).

16                                    **CONCLUSION**

17       For the foregoing reasons, the motions to dismiss are granted.  The Court further concludes

18   that amendment would be futile.  Even if Plaintiffs could plead additional allegations that raise a

19   cognizable injury, they cannot add additional allegations that would escape the well-established

20   principles of comity.  Accordingly, Plaintiffs' case is dismissed with prejudice.

21       **IT IS SO ORDERED.**

22   Dated:  March 7, 2016

23

24   _____

                            JON S. TIGAR
25                     United States District Judge

26

27

28